# Tilton Beldner LLP

www.tiltonbeldner.com

626 RXR Plaza
Uniondale, New York 11556
Tel.: (631) 629-5291
Fax: (516) 324-3170
etilton@tiltonbeldner.com

*Via ECF*

Honorable Richard J. Sullivan          September 12, 2018
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007

      Re:    *Garcia et al. v. Metrowireless 167 Inc. et al.*
             *No. 18-cv-3242(RJS)*

Your Honor:

I represent Defendant Metrowireless 167, Inc., and I write for the purpose of advising the Court of the terms of the parties' amended settlement agreement in this FLSA matter, requiring the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). As reflected by the signatures below of all parties and counsel for the parties, the Court should approve of this amendment as fair and reasonable under the circumstances previously discussed with the Court on the record at a conference held on September 5, 2018.

## AMENDMENTS TO SETTLEMENT AGREEMENT

      WHEREAS, the parties executed a settlement agreement in this matter on July 16, 2018 ("the Agreement") which was approved by the Court on July 25, 2018;

      WHEREAS, the parties have agreed, at the request of the Defendant, to amend the settlement agreement, have discussed this amendment with the Court on September 5, 2018, and wish to reduce the agreed-upon amended terms to writing as required by paragraph 14 of the Agreement as follows:

**Paragraph 1** of the Agreement is hereby amended only insofar as the payment of the gross settlement amount of $14,000.00 shall be paid in seven equal monthly installments as follows:

    A. One check payable to Eddy Garcia in the gross amount of $568.29 representing allegedly unpaid wages from which standard income tax withholdings and other standard payroll withholding shall be taken. Said income will be reportable to Plaintiff via an IRS Form W-2;

    B. One check payable to Eddy Garcia in the gross amount of $722.36 representing statutory damages, liquidated damages, and prejudgment interest from which no withholdings shall be taken. Said income will be reportable to Plaintiff via an IRS Form 1099 or 1099 (Misc.);

    C. One check payable to the Law Offices of James F. Sullivan, P.C. in the gross amount of $709.35 representing reasonable attorneys fees and the costs and disbursements of this action expended on Plaintiff's behalf, from which no withholdings shall be taken. Said income will be reportable to Plaintiff and the Law Offices of James F. Sullivan, P.C. via an IRS Form 1099 or 1099 (Misc.).

The first installment payment set forth above shall be made no later than September 15, 2018, with each subsequent installment payment required by the Agreement to be made no later than the 15th day of each subsequent calendar month, with the last installment payment due no later than March 15, 2019.

**Paragraph 1** of the Agreement is further amended to require that Defendant pay to Plaintiff the additional amount of $2,000.00, from which no withholdings shall be taken, on or before September 15, 2018, along with the first installment payment required by the Agreement, as consideration for his acceptance of the amended terms of the Agreement. Said income will be reportable to Plaintiff via an IRS Form 1099 or 1099 (Misc.).

**Paragraph 10** of the Agreement is hereby amended only insofar as to indicate that as a result of any and all disputes concerning an alleged breach of the Agreement that occurred prior to the effective date of these amendments, neither party shall be considered the prevailing party concerning such disputes and, as a result, neither party is entitled to an award of reasonable attorneys' fees and costs for any such disputes.

A new paragraph, **Paragraph 17**, shall be added to the Agreement as follows:

### Breach of Payment Obligations and Confessions of Judgment

1. In the event that Defendant fails to make a timely payment of any installment as set forth in paragraph 1 of the Agreement, Plaintiff shall provide notice of the default to Eric S. Tilton, Esq. by email to etilton@tiltonbeldner.com or, if notified by Defendant that Mr. Tilton no longer represents Defendant, by email, fascimile, or certified mail to a corporate representative or subsequent attorney that Defendant appoints for this purpose. Defendant will then have five (5) business days from the date of receipt of such default notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the sixth business day following the receipt of said notice, plus simple interest on the unpaid amount of the principal sum to be paid under this Agreement at the rate of 9% per annum from the sixth business day following receipt of said notice to the date of payment. As set forth in paragraph 10 of the Agreement, Plaintiff shall have the right to recover attorneys' fees,

costs and disbursements incurred in enforcing the payment obligations under the Agreement.

2. Abdul Asif, President of the Defendant corporation, residing at 867 Downing Road, Valley Stream, NY 11580 ("the Guarantor"), in consideration of Plaintiff agreeing to the amended terms of the Agreement set forth herein, plus other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, personally guarantees the prompt, full and complete performance of any and all present and future duties, obligations and indebtedness (the "Debt") due to the Plaintiff by the Defendant under the Agreement. To the extent permitted by law, the Guarantor waives all defenses, counterclaims or offsets that are legally available to the Guarantor with respect to the payment of the Debt of Defendant. This Personal Guarantee shall be construed exclusively in accordance with, and governed by, the laws of the State of New York. Any dispute arising hereunder may only be brought within the United States District Court for the Southern District of New York and the Guarantor hereby waives any defenses he may have in any such action relating to personal or subject matter jurisdiction before that Court. This Personal Guarantee embodies the entire promise of Guarantor to personally guarantee Defendant's Debt and supersedes all prior agreements and understandings relating to the subject matter here, whether oral or in writing. This Personal Guarantee may not be assigned or transferred without a written document, signed by the Guarantor, Defendant, and Plaintiff, permitting such assignment or transfer.

3. Defendants and the Guarantor shall each execute an Affidavit of Confession of Judgment for the principal settlement amount of $16,000.00 plus interest as set forth in paragraph 17(1) of this Agreement, jointly and severally, to be delivered to counsel for Plaintiff on or before September 15, 2018, and to be held in escrow by counsel for Plaintiff. However, Plaintiff may recover only so much of the principal settlement amount that is not paid in accordance with the terms specified in paragraph 1 of the Agreement plus reasonable attorneys' fees and costs incurred in connection with any proceeding to collect that portion of the principal settlement amount which has not yet been paid. As discussed in paragraph 17(1), if Defendant materially breaches the terms of the Agreement by defaulting in timely making any of the payments described above, Plaintiff shall provide to Defendant a notice to cure. Plaintiff may not file the Affidavits of Confession of Judgment unless the cure period discussed in paragraph 17(1) expires and Defendant has not cured the deficient payment.

4. Upon collection of all installment payments called for by paragraph 1 of the Agreement, Plaintiff shall return the Affidavits of Confession of Judgment to counsel for Defendant.

To the extent the Agreement has not been amended as set forth above, the Agreement shall remain in full force and effect.

**THE PARTIES ARE SIGNING THESE AMENDMENTS TO THE SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

## THE PLAINTIFF ACKNOWLEDGES THAT HE HAS HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THESE AMENDMENTS, AND THAT HE HAS CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THESE AMENDMENTS.

## THIS IS A LEGAL DOCUMENT -- READ CAREFULLY BEFORE SIGNING.

**Spanish Language Acknowledgment.** Plaintiff acknowledges that his native language is Spanish. Plaintiff acknowledges that he has reviewed this document with, and also had this document read to him, in Spanish by a native Spanish speaker.

**Reconocimiento de idioma español.** Demandante reconoce que su lengua materna es el español. Demandante reconoce que ha revisado este documento y también le ha leído un documento en español de un hablante nativo de español.

_____
Eric S. Tilton, *counsel for Defendant*

_____
James F. Sullivan, *counsel for Plaintiff*

_____
Metrowireless 167, Inc.
By Abdul Asif, President

_____
Eddy Garcia

_____
Abdul Asif, individually

cc:   sullivannysdchambers@nysd.uscourts.gov.